Filed 4/24/26  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL L. SMITH, JR.,<br>    Defendant and Appellant. | C102702<br><br>(Super. Ct. No. 21FE009761) |

Appointed counsel for defendant Michael L. Smith, Jr., asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Our review of the record revealed that the abstract of judgment lists fines and fees that the trial court did not orally impose.  We order the trial court to issue a corrected abstract of judgment and otherwise affirm.

BACKGROUND

In June 2021, Transportation Security Administration agents discovered a firearm in Smith's backpack during an airport security screening.  In August 2022, the People charged him with unlawful possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and alleged five prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).[1]

---

[1] Undesignated statutory references are to the Penal Code.

1

In July 2023, Smith pleaded no contest to the charge and admitted one prior strike conviction in exchange for the People's agreement to a four-year prison term (the middle term of two years, doubled for the prior strike).

At sentencing in October 2024, the trial court heard and denied Smith's motion under *People v. Superior Court* (*Romero*) 13 Cal.4th 497. In accordance with the plea agreement, the court sentenced Smith to four years in prison. It awarded him 170 actual credits and 170 conduct credits, totaling 340 days of custody credits.

Smith filed a timely notice of appeal and obtained a certificate of probable cause.

DISCUSSION

Smith's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Smith was advised by counsel of his right to file a supplemental brief within 30 days of the filing of the opening brief. He did not file a supplemental brief.

Our review of the record reveals that fines and fees included in the abstract of judgment were not orally imposed. At sentencing, the trial court imposed the prison sentence and awarded custody credits, but did not impose any fines or fees on the record. The abstract of judgment, however, lists a $300 restitution fine (§ 1202.4), a $300 parole revocation fine, suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) " 'If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment.' " (*People v. Clark* (2021) 67 Cal.App.5th 248, 261.) "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed

2

jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Because the trial court did not orally impose any fines or fees, we order the court to prepare a corrected abstract of judgment striking the fines and fees.

Having reviewed the record, we find no other error favorable to Smith.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
FEINBERG, J.

We concur:


/s/
HULL, Acting P. J.


/s/
BOULWARE EURIE, J.